

TOBY MASSE, Pro se
Eloy Detention Center
1705 East Hanna Road
Eloy, Arizona 85231



06-CV-05375-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

TOBY MASSE,

    Plaintiff,

v.

Correctional Officer SIDNEY CLARK,
Correctional Sargeant WILLIAM VEST,
Correctional Sargeant MARJORIE
WEIHMULLER, Correctional Unit
Supervisor JERRY KIME, Correctional
Unit Supervisor PETER CAPLES, and
Superintendent PATRICIA GOHRMAN,

    Defendants.

CIVIL CASE NO. C06-5375RBL/KLS

COMPLAINT WITH JURY TRIAL DEMAND

I. JURISDICTION AND VENUE

1.    This court has jurisdiction under 28 U.S.C. 1331 and 1343(a)(3) to

    redress the deprivation, under color of state law, of rights secured

    by the United States Constitution.

2.    This court is the appropriate venue under 28 U.S.C. 1391(b)92) because

COMPLAINT - 1

the events giving rise to these claims occurred in Clark County, Washington.

## II. PRISONER LITIGATION REFORM ACT

3. Plaintiff has filed one (1) previous federal civil action as a prisoner: That case, No. C03-5437FDB, was filed in this court in June 2003, was assigned to United States District Court Judge Franklin D. Burgess, and was dismissed without prejudice in January 2005.
4. Plaintiff has exhausted all available administrative remedies as required under 28 U.S.C. 1997(e)(a).

## III. PARTIES

5. Plaintiff Toby Masse is a minimum-security Washington state Department of Corrections prisoner. He is currently domiciled out of state at Eloy Detention Center in Eloy, Arizona, and is due to be released in 2008.
6. Defendant Sidney Clark is a Correctional Officer at Larch Corrections Center (LCC).
7. Defendant William Vest is a Correctional Sargeant at LCC.
8. Defendant Marjorie Weihmuller is a Correctional Sargeant at LCC.
9. Defendant Jerry Kime is a Correctional Unit Supervisor at LCC.
10. Defendant Peter Caples is a Correctional Unit Supervisor at LCC.
11. Defendant Patricia Gohrman is a Superintendent at LCC.
12. Each of the defendants listed above was acting under color of state law at all times material to this complaint.

COMPLAINT - 2

13. Each of the defendants listed above is sued in both their individual and official capacities.

## IV. FACTS

14. On March 30, 2001 plaintiff submitted a memorandum to Correctional Sargeant William Vest. The memorandum addressed, inter alia, misconduct by Correctional Officer Sidney Clark.
15. Plaintiff's memorandum was a form of constitutionally protected speech.
16. Correctional Sargeant Marjorie Weihmuller and Correctional Unit Supervisor Jerry Kime then retaliated against plaintiff for submitting the memorandum by taking the adverse action of placing him in segregation.
17. Correctional Sargeant Weihmuller then retaliated against plaintiff by taking the adverse action of filing a false infraction report against plaintiff.
18. Correctional Unit Supervisor Peter Caples then retaliated against plaintiff by taking the adverse actions of, inter alia, pre-judging his guilt, maliciously suppressing exculpatory evidence, and sanctioning plaintiff to loss of statutory good-conduct time.
19. Superintendent Patricia Gohrman was aware of the aforedescribed retaliation and deprivation of due process and failed to take any remedial action.
20. Superintendent Patricia Gohrman then retaliated against plaintiff by taking the adverse action of transferring plaintiff to the Washington State Penitentiary.
21. The acts and omissions of defendants did not advance any legitimate

COMPLAINT - 3

penological objectives or was not narrowly tailored enough to acheive any such prospective objectives.

22. The adverse actions taken against plaintiff by defendants, including placement in segregation, discipline and transfer, would deter a person of ordinary firmness from exercising their constitutionally protected right to free speech, and had a chilling effect on plaintiff.

## V. CLAIMS

23. Plaintiff realleges and incorporates by reference paragraphs 1-22.
24. The acts and omissions of defendants constitutes retaliation and deprived plaintiff of his right to free speech under the First Amendment of the United States Constitution.
25. The acts and omissions of defendants deprived plaintiff of his right to due process under the Fourteenth Amendment of the United States Constitution.

## VI. RELIEF

WHEREFORE, plaintiff asks the court to grant the following relief:

26. Award plaintiff compensatory damages in an amount to be proven at trial.
27. Award plaintiff punitive damages in an amount to be proven at trial.
28. Award plaintiff his costs in this suit.
29. Award plaintiff any other such relief as it finds appropriate.

COMPLAINT - 4

VERIFICATION

I have read the foregoing complaint and hereby verify that to the best of my knowledge the matters alleged herein are true and correct. I further testify to the same under penalty of perjury and the laws of the United States.

Executed at Eloy, Arizona June 15, 2006.

*[signature]*
TOBY J. MASSE, pro se

COMPLAINT - 5