UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY MASSE,

    Plaintiff,

v.

SIDNEY CLARK, *et al.*,

    Defendants.

Case No. C06-5375 RBL/KLS

ORDER RE-NOTING DEFENDANTS' MOTION TO DISMISS AS MOTION FOR SUMMARY JUDGMENT

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Presently pending before the Court is Defendants' motion to dismiss (Dkt. # 21). Defendants move to dismiss Plaintiff's complaint as barred by the statute of limitations. In his response to the motion to dismiss (Dkt. # 23), Plaintiff refers to his affidavit and numerous exhibits. Plaintiff argues that his claims were tolled from May 2001 to May 2003 because he was incapacitated by mental illness, and that he is entitled to statutory tolling from July 2003 to January 2005, when his previous 1983 claim was before this Court. None of the exhibits were made part of the Court's record.

    Generally speaking, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss. Rule 12(b) of the Federal Rules of Civil Procedure provides in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

ORDER
Page - 1

A motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 if either party submits materials outside the pleadings in support of or opposition to the motion, and the court relies on those materials. Fed. R. Civ. P. 12(b); See also Jackson v. Southern California Gas Co., 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."). Failure to treat the motion as one for summary judgment would constitute reversible error. See Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982); Costen v. Pauline's Sportswear, Inc., 391 F.2d 81, 84-85 (9th Cir. 1968).

Plaintiff relies on materials outside the pleadings to support his claim that his claims are not time barred. Conversely, Defendants rely on the materials submitted by Plaintiff to illustrate that Plaintiff fully understood the nature of all proceedings and events that occurred well before the time limitation. As the Court was not provided the same materials, it is unable to determine whether it is necessary to rely on the extraneous matter to determine the issue of whether Plaintiff's claims are time-barred.

Accordingly, the Clerk of the Court is directed to re-note Defendants' motion to dismiss (Dkt. # 21) as a motion for summary judgment for **February 9, 2007.** If Plaintiff wishes the Court to consider his affidavit and exhibits in opposition to the motion for summary judgment, he must timely file and serve them not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion.

DATED this  29th  day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2