UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOBY MASSE,<br><br>        Plaintiff,<br><br>   v.<br><br>SIDNEY CLARK, *et al.*,<br><br>        Defendants. | Case No. C06-5375 RBL/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 13, 2007** |

      This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff claims that officials at the Larch Corrections Center (LCC) retaliated against him and violated his right to due process by placing him in segregation, issuing him an infraction, and transferring him to another institution within the Department of Corrections (DOC).[1] Defendants moved to dismiss the Plaintiff's action on the grounds that it is barred by the three-year statute of limitations. (Dkt. # 21). Plaintiff filed a response to Defendants' motion to dismiss, with exhibits. (Dkt. # 22). Plaintiff argues that his

---

[1] Plaintiff was transferred out of LCC in May of 2001, was released from DOC custody in November of 2001, and has not been at LCC since May of 2001. Plaintiff is presently incarcerated as a result of criminal convictions occurring after his release from DOC custody in November of 2001.

REPORT AND RECOMMENDATION - 1

claims were tolled from May 2001 to May 2003 because Plaintiff was "incapacitated by mental illness." (Id.). Plaintiff also argues that he is entitled to "statutory tolling from July 2003 to January 2005, during which time his claims commenced" because he previously filed a 42 U.S.C. § 1983 action containing the claims brought in this case, which claims were dismissed without prejudice. (Id., *See* C03-5437FDB).

Although Defendants received the exhibits referred to in Plaintiff's response, the Court did not. Defendants filed a reply to Plaintiff's response, in which they referenced Plaintiff's exhibits. (Dkt. # 23). By Order dated December 29, 2006, the court clarified that Plaintiff had not filed the exhibits attached to his response. (Dkt. # 24). Because the parties relied extensively on the documents in their arguments, the court converted Defendants' motion to dismiss into a motion for summary judgment and re-noted the motion. (Id.). Plaintiff re-filed his original response to Defendants' motion to dismiss without any changes, and attached the exhibits previously served on Defendants. (Dkt. # 26, Attach. 1, 2, and 3). Defendants filed a reply to Plaintiff's response. (Dkt. # 27).

After careful review of the motion, responses, replies and exhibits, the court recommends that Plaintiff's claims against Defendants be dismissed as barred by the three year statute of limitations.

**I. UNDISPUTED FACTS**

The events and incidents underlying Plaintiff' claims occurred between January and May of 2001, while Plaintiff was incarcerated at LCC. (Dkt. # 5 and attached Exhibits). Plaintiff does not dispute that his claims accrued during this time. (Dkt. # 22, 26). At the time Plaintiff received the infraction, he was serving a sentence for trafficking in stolen property and assault in the third degree. (Dkt. # 26, Exh. 5). That sentence expired on November 7, 2001. (Id.). Plaintiff began serving a second sentence for a residential burglary conviction on September 10, 2002. That sentence is not scheduled to expire until January 8, 2009. (Dkt. # 27, Exh. 1).

On March 23, 2003, Plaintiff filed a federal civil rights complaint claiming that his First and

Fourteenth Amendment due process rights were violated in the manner in which four disciplinary hearings were conducted while he was incarcerated at LCC for incidents occurring in January, February, March and April, 2001. (Case No. C03-5437FDB, Dkt. # 44, # 66). Plaintiff sought relief from the sanctions imposed, including the loss of his job, minimum custody status, transfer, and loss of good time. (Id.).

The Magistrate Judge recommended that Plaintiff's claims relating to the February and March 2001 infractions (and related state law claims) be dismissed without prejudice and Plaintiff's claims relating to the January and April 2001 infractions (and claims of conspiracy and retaliation) be dismissed with prejudice. (Dkt. # 79). As the claims relating to the February and March 2001 infractions involved the loss of good time, the court found that until Plaintiff received relief from the state through a personal restraint petition or habeas relief in state or federal court regarding the infractions, no action could be maintained as the cause of action had not yet accrued, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (Id.).

Plaintiff filed objections to the Report & Recommendation of the Magistrate Judge, stating that application of *Heck* was improper as the criminal sentence that he was serving on February 13, 2001 and March 30, 2001 had expired prior to the filing of his lawsuit. (Case No. C03-5437FDB; Dkt. # 82). The post-conviction petition referred to by Plaintiff in his objections was filed in Washington state court in July 2004. (Dkt. # 26, Exh. 3). The Washington Court of Appeals dismissed the petition because the sentence affected by the good time Plaintiff lost had expired on November 7, 2001. (Id., Exh. 5). Thus, Plaintiff was no longer under any cognizable "restraint" or "disability" as a result of the challenged disciplinary hearings. (Id.). Plaintiff attached a copy of the Washington Court of Appeals' opinion to his objections to the Report and Recommendation. (Dkt. # 82, Exh. 7).

By Order dated January 10, 2005, the District Court adopted the Report & Recommendation of the Magistrate Judge. (Dkt.# 83). Judgment in favor of Defendants was entered on January 11, 2005. (Dkt. # 84). Plaintiff did not appeal the judgment.

REPORT AND RECOMMENDATION - 3

Plaintiff filed this action on June 15, 2006, the date he signed his Complaint. (Dkt. #5).[2]

## II. DISCUSSION

**A.    Standard of Review**

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Lee*, 250 F.3d at 688 (citation omitted).  A motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment under Fed. R. Civ. P. 56, if either party submits materials outside the pleadings in support of or opposition to the motion, and the court relies on those materials. Fed. R. Civ. P. 12(b); *See also Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."). Failure to treat the motion as one for summary judgment would constitute reversible error. *See Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982); *Costen*

---

[2] In May, 2005, Petitioner filed his second personal restraint petition in state court.  (*See* Dkt. # 12, Ex. 7 attached to Case No. C06-00746JLR, Dkt. # 12, Ex. 7).  That petition challenged Petitioner's 2002 conviction and was dismissed by the Washington Court of Appeals.  (Id., Exh. 9). Petitioner's motion for discretionary review was also denied. (Id., Exh. 11).

On May 26, 2006, Plaintiff filed a Petition for Writ of Habeas Corpus in this Court attacking the validity of his 2002 conviction for residential burglary. (Case No. 06-00746JLR; Dkt. # 6). The petition, which is unrelated to Plaintiff's claims in this case, was dismissed as untimely. (Dkt. # 15). On July 11, 2006, Petitioner filed a third personal restraint petition, attacking his classification and transfer.  This last petition is also unrelated to the disciplinary hearings at issue here. (Id., Exh. 13).

REPORT AND RECOMMENDATION - 4

1  *v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 84-85 (9th Cir. 1968).

2  Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Service Inc.*, 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

### B.  The Statute of Limitations

The statute of limitations for actions brought in the State of Washington under 42 U.S.C. § 1983 is three years. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991). When a plaintiff's cause of action accrues under 42 U.S.C. § 1983 is a question of federal law. *Knox v. Davis*, 206 F.3d 1009 (9th Cir. 2001). A cause of action

REPORT AND RECOMMENDATION - 5

accrues and the statute of limitations begins to run when the "plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. at 1013.

Defendants argue that it is clear that Plaintiff's causes of action in this case accrued in 2001 when the events of which he complains occurred. Thus, as Plaintiff filed this action on June 15, 2006, he must allege and establish that Defendants violated his rights on or after June 15, 2003 in order to avoid the bar of the three year statute of limitations.

The evidence reflects that the events underlying Plaintiff's Complaint occurred between January and May, 2001. (Dkt. # 5). Plaintiff does not dispute that his cause of action accrued during this time period, but argues that he is entitled to equitable tolling of the statute from May 2001 to May 2003, during which time he was incapacitated by mental illness. (Dkt. # 26 at 4). Plaintiff argues further that he is entitled to equitable tolling of the statute from July 2003 to January 2005, during the time his first Section 1983 claims were pending in this court. (Id.).

### C.     **Tolling of Statute of Limitations**

Section 1983 does not contain a statute of limitations. Federal courts apply the forum state's personal injury statute of limitations for Section 1983 claims. *Wilson . Garcia*, 471 U.S. 261, 276 (1985). In Washington, the statute of limitations applicable to section 1983 claims is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing Wash. Rev.Code § 4.16.080(2)). Federal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law. *See Hardin v. Staub*, 480 U.S. 536, 537-39 (1989); *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Federal law, however, governs when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Although application of statutes of limitation may at times appear harsh, there is nothing "inherently unjust about a statute of limitations." *See Ruth v. Dightwash v. Dight*, 453 P.2d 631, 664 (1969). In *Dightwash,* the Supreme Court of Washington explained the purpose behind enforcing

REPORT AND RECOMMENDATION - 6

the limits in which another may be sued:

> In applying the statutes of limitations, the courts have made many assumptions. Stale claims, from their very nature, are more apt to be spurious than fresh; old evidence is more likely to be untrustworthy than new. Time dissipates and erodes the memory of witnesses and their abilities to accurately describe the material events. In time witnesses die or disappear, and the longer the time the more likely this will happen. With the passing of time, minor grievances may fade away, but they may grow to outlandish proportions, too. Finally, and not to be ignored, is the basic philosophy underlying the idea that society itself benefits, except in capital cases, when there comes a time to everyone, be it long or short, that one is freed from the fears and burdens of threatened litigation.

*Id.* at 664-665.

"Stale claims present major evidentiary problems which can seriously undermine the courts' ability to determine facts. By precluding stale claims, statutes of limitations will resolve factual issues fairly and accurately." *Tyson v. Tyson*, 727 P.2d 226, 228 (1986).

### 1. Equitable Tolling from May 2001 to May 2003 - Incapacitation

Under Washington law, an action may be tolled when a person is "incompetent or disabled," to such a degree that he "cannot understand the nature of the proceedings." Wash. Rev. Code § 4.16.190. The statute of limitations is tolled until a plaintiff knows, or through reasonable diligence should know, of his injury. *Crisman v. Crisman*, 931 P.2d 163, 165-66 (1997).

Defendants argue that Plaintiff has presented no evidence that his mental illness caused him to be unable to understand the nature of the events and incidents which form the basis of his Section 1983 Complaint. In addition, Plaintiff was transferred out of LCC on May 4, 2001, (Dkt. # 27, Exh. 1, Attach. A), and Plaintiff has presented evidence reflecting only that he was "mentally disturbed" or "depressed" in December 2001, all of which occurred after his claims accrued.

Conversely, Plaintiff submits a 7-page letter/memo he sent to an LCC sergeant dated March 28, 2001. (Dkt. # 26, Exh. 1 - Petitioner's Exhibit 12). In it, Plaintiff details numerous incidents, requests, and conversations spanning a period of several months, from the time he arrived at LCC on January 12, 2001 through March 2001, including (1) a description of how he was treated when he arrived at LCC on January 12, 2001; (2) an incident between himself and Officer Clark on January

REPORT AND RECOMMENDATION - 7

14, 2001; (3) conversations relating to his hearing on January 16, 2001 and January 17, 2001; (4) a kite Plaintiff sent on March 15, 2001; (5) documents received on March 19, 2001 in response to Plaintiff's kite and other records requests; (6) a kite sent on March 21, 2001 to discuss evidence; (7) and a meeting at the EH duty station on March 22, 2001.

Plaintiff also submitted his 7-page appeal from a major infraction hearing dated May 1, 2001. (Dkt. # 26, Exh. 1 - Petitioner's Exhibit 23). In it, Plaintiff details events leading up to the disciplinary hearing, and summarizes witness statements, the pre-hearing investigation, testimony, and details his reasons for appealing the finding of guilt at the disciplinary hearing conducted on April 26, 2001.

Viewed in the light most favorable to Plaintiff, the foregoing documents, which were *created by* Plaintiff, illustrate that Plaintiff was fully aware of the events and proceedings that occurred at LCC from January 12, 2001 through the dates of the documents. Thus, Plaintiff knew the details of his injuries and knew the nature of the proceedings and knew the basis of his Section 1983 claims at the time his claims accrued.

Plaintiff argues, however, that his mental incompetency from May 2001 to May 2003 entitles him to equitable tolling of the statute of limitations.

The evidence relating to Plaintiff's mental health reflects that Plaintiff was seen in December 2001 and January 2002 for depressive and antisocial personality disorder. (Dkt. #26, Exh. 5, 7). Plaintiff was recommended for mental health counseling and medication by a social worker in March 2002, and by the Court at his sentencing in September 2002 (Id., Exh. 6, 8).

At the outset, the Court notes that this evidence does not establish that Plaintiff was "incompetent or "incompetent or disabled" to such a degree that he could not understand the nature of the proceedings and incidents that form the basis of his § 1983 action, which is the requirement for tolling the statute of limitations under Washington law. RCW 4.16.190(1). In addition, the evidence submitted by Plaintiff relating to his mental health does not benefit Plaintiff vis-a-vis the running of the statute of limitations as its running is not arrested by a subsequent disability. *See McAuliff v. Parker*, 10 Wash. 141, 38 P. 744 (1894). For an action to be tolled by personal disability under

REPORT AND RECOMMENDATION - 8

Washington law, the disability must exist at the time the cause of action accrues and disabilities arising after an action accrues do not toll the statute of limitations. RCW 4.16.190; *Roberts v. Pacific Tel. & Tel. Co.*, 93 Wash. 274, 160 P. 365 (1916); *McAuliff*, *supra*. In Plaintiff's case, his cause of action accrued primarily between March and April of 2001 (Plaintiff was transferred from LCC on May 4, 2001 (Dkt. # 27, Exh. 1, Attach. A)). Even if the Court were to accept that Plaintiff suffered from a disability as defined under the statute, that disability was first diagnosed in December 2001 and would be considered a subsequent disability.

Having viewed Plaintiff's evidence in the light most favorable to Plaintiff, the Court concludes that Plaintiff knew and understood the nature of the events underlying his Section 1983 claim at the time his cause of action accrued and that the evidence does not establish that Plaintiff was "incompetent or disabled" to such a degree that Plaintiff could not understand the nature of the proceedings and incidents that form the basis of his Section 1983 action. Accordingly, the undersigned recommends that Plaintiff is not entitled to equitable tolling of the statute of limitations under RCW 4.16.190(1).

### 2. Equitable Tolling - July 2003 to January 2005 - Pending Section 1983

Plaintiff next argues that the period of time his claims were pending in his prior Section 1983 case in his Court should equitably toll the statute of limitations. This argument fails for several reasons.

#### (a) Under Washington Law, Prior Litigation Dismissed Without Prejudice Does Not Toll Statute of Limitations

Under Washington law, the statute of limitations is not tolled by prior litigation that is dismissed without prejudice. *Milligan v. Thompson,* 90 Wn. App. 586, 953 P.2d 112 (1998); *Fittro v. Alcombrack,* 23 Wn. App. 177, 596 P.2d 665 (1979) (when an action is dismissed without prejudice the statute of limitations continues to run as though the action had never been brought.) Plaintiff's claims relating to the February and March 2001 infractions (and related state law claims) where good time credits were lost, were dismissed without prejudice. Plaintiff's claims relating to the

REPORT AND RECOMMENDATION - 9

January and April 2001 infractions (and claims of conspiracy and retaliation) in the prior Section 1983 case were dismissed with prejudice. (Case No. C03-5437FDB, Dkt. # 83).

### (b) RCW 4.16.170 Does Not Apply to Previously Filed Actions

Plaintiff argues that under state law, a federal civil rights action is tolled from the date it is commenced and he commenced his first Section 1983 case in July 2003. Under RCW 4.16.170, the statute of limitations is tolled by the filing of a complaint or service of a summons. However, the statute of limitations is tolled only in the action in which the complaint is filed or the summons served. *Dowell Company v. Gagnon*, 36 Wn. App. 775, 677 P.2d 783 (1984); *Fox v. Groff*, 16 Wn. App. 893, 559 P.2d 1376 (1977). The tolling provisions of RCW 4.16.170 do not apply to previously filed actions. Id. Thus, RCW 4.16.170 is not applicable to toll the statute of limitations on Plaintiff's claims filed in Case No. C03-5437FDB.

### ( c) Plaintiff is Not Entitled to Equitable Tolling Because of Dismissal of Previous Section 1983 Claim Based on *Heck v. Humphrey*

Plaintiff also argues that it is unfair for this court to have barred his previous Section 1983 claims as too early, and then bar this action as too late. (Dkt. # 26 at 5). Plaintiff's claims were dismissed under *Heck,* 512 U.S. 477 (1994). (Case No. 3-5437, Dkt. # 83). The parties and the undersigned agree that Plaintiff does not have any habeas corpus remedy available to him in either state or federal court as a result of his release from prison in November 2001.

Plaintiff appropriately argued in his objection to the Report and Recommendation that *Heck* did not bar his claims because his criminal sentence had expired prior to his filing the action. (Id., Dkt. # 82)

However, Plaintiff did not appeal the Judgment of the District Court, which was entered on January 10, 2005. Rule 4 of the Rules of Appellate Procedure provides that the time for appealing a district court judgment is thirty days after the judgment is entered. Fed.R.App. 4, 4( c).

Plaintiff knew that the habeas remedy was no longer available to him when he objected to the

REPORT AND RECOMMENDATION - 10

1  Magistrate Judge's Report and Recommendations.  (Case No. C03-5437FDB; Dkt. # 82, Exh. 7).

2  Regardless of the correctness of the District Court's judgment, the appropriate course of action for

3  Plaintiff would have been to seek the appellate remedy available to him.  By failing to appeal,

4  Plaintiff has waived any right to challenge the District Court's ruling.  *See, McGregor v. Paul Revere*

5  *Life Ins. Co.*, 369 F.3d 1099 (9th Cir. 2004).  Instead, Plaintiff waited well over a year, until July

6  2006 to bring this action. (Dkt. # 1).  This new action is now barred by the statute of limitations.

### III. CONCLUSION

After viewing all of the summary judgment evidence in the light most favorable to the Plaintiff, the Court concludes that the evidence demonstrates that Plaintiff understood the nature of the proceedings and events that form the basis of his allegations in this lawsuit.  He is, therefore, not entitled to application of the tolling statute.  In addition, Plaintiff is not entitled to equitable tolling of the statute of limitations because he has waived his right to object to the District Court's ruling on his prior Section 1983 claims.  The Court should dismiss Plaintiff's claims against Defendants with prejudice as they are barred by the three year statute of limitations.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 13, 2007**, as noted in the caption.

DATED this  14th  day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11